UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT T. CALLAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-027 |
| | ) | (Shirley) |
| JAMES M. BOOZER, ETHEL BOOZER, | ) | |
| D&D INVESTMENTS, LLC, ALLIED | ) | |
| BUILDERS, INC., and MOUNTAIN | ) | |
| LAUREL CHALETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 29].

The plaintiff moves to strike the affidavit of Hal Kent Wilson, or in the alternative portions thereof, as submitted on behalf of the defendant Allied Builders, Inc.'s motion for summary judgment. [Doc. 32]. For grounds, the plaintiff argues that Mr. Wilson's affidavit is not based upon his personal knowledge, is factually incorrect and misleading, and is inconsistent with his deposition testimony.

The decision to strike an affidavit is a matter within the sound discretion of the trial court. See Lockard v. General Motors Corp., 52 Fed. Appx. 782, 790, 2002 WL 31780957 (6th Cir. Dec. 11, 2002).

The Court has reviewed Mr. Wilson's affidavit, as well as the deposition testimony that the plaintiff asserts demonstrates the factual inaccuracies and inconsistencies in the affidavit.[1] The Court does not find that Mr. Wilson's affidavit states any facts that have shown to be outside of his personal knowledge. Moreover, the Court does not find Mr. Wilson's affidavit to be inconsistent with his deposition testimony or otherwise "factually incorrect and misleading" so as to warrant striking the affidavit. The Court will consider both Mr. Wilson's affidavit and deposition testimony in ruling upon the defendant's motion for summary judgment, taking (as the Court must at this stage in the proceedings) all of the evidence presented by the plaintiff as true and drawing all reasonable inferences in the plaintiff's favor.

For the foregoing reasons, the plaintiff's Motion to Strike Affidavit [Doc. 32] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[1] While the plaintiff cited several passages of Mr. Wilson's deposition testimony in support of his motion to strike, the Court notes that the cited deposition testimony excerpts were not presented to the Court until more than two months after the motion to strike was filed.