UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT T. CALLAHAN, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-027 |
| | ) | (Shirley) |
| JAMES M. BOOZER, ETHEL BOOZER, | ) | |
| D&D INVESTMENTS, LLC, ALLIED | ) | |
| BUILDERS, INC., and MOUNTAIN | ) | |
| LAUREL CHALETS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

In this diversity case, the plaintiff Robert T. Callahan, Jr. alleges that he was injured when he slipped and fell on a piece of building material in the snow. The plaintiff alleges in his complaint that the defendant Allied Builders, Inc. ("Allied Builders") knew or should have known of the existence of the hazard presented by the discarded building material, and that Allied Builders was negligent in failing to inspect and guard against such hazards. [Doc. 1]. Allied Builders, Inc. ("Allied Builders") has filed a motion for summary judgment, asserting that it is not responsible for the plaintiff's injuries. [Doc. 20]. The plaintiff opposes Allied Builders' motion, arguing that genuine issues of material fact exist which preclude a grant of summary judgment. [Doc. 33]. For the reasons set forth below, the defendant's Motion for Summary Judgment [Doc. 20] is **GRANTED**.

### Factual Background

In January, 2003, the plaintiff was staying at one of three ski chalets located on St. Moritz Road in Gatlinburg, Tennessee. All three chalets were owned by the defendants James and Ethel Boozer and shared a common driveway. The chalet across the driveway from Mr. Callahan's chalet was under construction at the time. The defendant Allied Builders was one of the contractors working on that chalet.

On January 17, 2003, the plaintiff parked his van on the common driveway next to the chalet he was renting. A light snow was falling that had lightly covered the driveway. [Deposition of Robert Callahan ("Callahan Depo.") at 126]. As the plaintiff came around the rear of the van to go to the door, he "felt something like a skateboard under" him, and he fell. [Callahan Depo. at 54]. The plaintiff testified that it felt like a "long plastic something," that it was approximately eight feet in length and six to ten inches wide, and that it was "a light brown or beige" in color. [Callahan Depo. at 63-64]. The plaintiff testified that he fell on what looked like siding material from the chalet under construction across the driveway. [Callahan Depo. at 160].

Hal Kent Wilson is the president of Allied Builders. [Affidavit of Hal Kent Wilson ("H. Wilson Aff.") at ¶ 1]. According to Mr. Wilson, Allied Builders was hired by James and Ethel Boozer to "do some of the construction work" on the chalet under construction on St. Moritz Drive. [Id. at ¶ 2]. Specifically, Allied Builders graded the site; poured the footings and foundation; constructed the front steps, front porch, and roof; and did the subflooring, framing, and interior trim work. [Id. at ¶ 3; Deposition of Hal Kent Wilson ("Wilson Depo") at 127, 129]. Other contractors performed the excavation, painting, siding/soffit work, plumbing, and electrical work. None of these contractors were Allied Builders' subcontractors, nor were they supervised by Allied Builders. [H. Wilson Aff. at ¶ 3; Supplemental Affidavit of Hal Kent Wilson ("H. Wilson Supp. Aff.") at ¶ 3, 4].

According to Mr. Wilson, Allied Builders did not have anyone on the job site on Friday, January 17, 2003, the date that the plaintiff fell. [H. Wilson Aff. at ¶ 5]. Mr. Wilson was present at the job site on Thursday, January 16, 2003, around noon. [Id. at ¶ 6]. While he was there, he met with Mr. Boozer, who was present at the site. Two employees of Allied Builders, Lowell Wilson and Rodney Shults, were also present at the site, doing interior trim work. Wilson and Shults left early that day because of the forecast for snow, and did not return to the job site until the following week. [Id. at ¶ 6; Affidavit of Lowell Wilson ("L. Wilson Aff.") at ¶ 4; Affidavit of Rodney Shults ("Shults Aff.") at ¶ 4]. Hal Wilson inspected the site on January 16, 2003. There was no siding or other building material on the common driveway when he inspected it, and the common driveway was completely clear of any debris when he left the site. [H. Wilson Aff. at ¶ 7]. Lowell Wilson and Rodney Shults did not put any building materials on the common driveway, and when they left the job site on January 16, 2003, there was no debris on the common driveway. [L. Wilson Aff. at ¶ 5, 6; Shults Aff. at ¶ 5, 6].

According to James Boozer, no one other than employees of Allied Builders was on the job site the week of the accident. [Deposition of James Boozer ("Boozer Depo.") at 50].

The Boozers and Allied Builders entered into a written agreement for the construction of the chalet. Although Allied Builders was the general contractor for the project, the parties' agreement gives the Boozers the right to hire various subcontractors. However, this written agreement does not reference clean-up or site maintenance. Boozer testified that it was the parties' understanding that Allied Builders was responsible for maintaining the site and keeping it clean. [Boozer Depo. at 53]. This practice was consistent with the parties' six prior construction projects. [Boozer Depo. at 54-57].

3

## The Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An entry of summary judgment is mandated if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In considering a motion for summary judgment, the Court must take all of the evidence submitted by the non-moving party as true, and must draw all reasonable inference in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986).

## Analysis

Allied Builders contends that it is entitled to summary judgment in this matter for three reasons. First, Allied Builders argues that it was not the contractor that was installing the siding or soffit on the chalet and was not responsible for the siding or soffit materials. Second, Allied Builders contends that none of its employees was on the job site on the day of the accident. Finally, Allied Builders argues that the plaintiff has no proof to show that Allied Builders created the dangerous condition.

The plaintiff argues that genuine issues of material fact exist as to whether Allied breached its duty to inspect and clean the premises. Further, the plaintiff contends that the job site was under the exclusive control of Allied Builders for the week prior to the plaintiff's fall, and therefore, Allied Builders' negligence may be implied through the use of the doctrine of *res ipsa loquitur*.

A plaintiff asserting a negligence claim must prove more than mere injury or damage. Kilpatrick v. Bryant, 868 S.W.2d 594, 599 (Tenn. 1993) (holding that "the mere occurrence of an injury does not prove negligence"). "To establish negligence, one must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." McClung v. Delta Square Ltd. Partnership, 937 S.W.2d 891, 894 (Tenn. 1996). An owner or operator of a premises is not an "absolute insurer" of the safety of the premises, but rather is required to use reasonable care under the circumstances. Eaton v. McLain, 891 S.W.2d 587, 594 (Tenn. 1994). The use of reasonable care requires that the owner/operator remove or warn against any latent or hidden dangerous conditions of which the owner was aware of or should have been aware of through the use of reasonable diligence. Coln v. City of Savannah, 966 S.W.2d 34, 40 (Tenn. 1998). Therefore, to hold an owner or operator of a premises liable for negligence for allowing a dangerous or defective condition to exist on the premises, the plaintiff must show that "1) the condition was caused or created by the owner, operator, or his agent, or, 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004).

Upon careful review of the record, the Court concludes that there is no evidence that Allied Builders or any agent acting on behalf of Allied Builders caused or created the dangerous condition at issue. The undisputed evidence shows that Allied Builders employees were last present on the job site on January 16, 2003. Hal Wilson, Lowell Wilson, and Rodney Shults all deny placing any building material on the driveway. Further, all three state in their affidavit that there was no debris on the driveway when they left the premises. There is in fact no evidence as to who was responsible for the placement of the material that looked like siding on the driveway nor any evidence as to how or when the material appeared there. Even assuming, for the purposes of this motion, that the material which caused the plaintiff to fall was siding material, it could have blown onto the driveway, or been placed there by a third person, minutes before the plaintiff's fall. To say that it was siding material, from this job site, that the defendant caused to be on the driveway or that the siding was on the driveway long enough that the defendant knew or should have known of its existence are theories that are not supported by the evidence and constitute sheer speculation on the plaintiff's part.          Moreover, assuming for the purposes of this motion that Allied Builders was under a duty to inspect and maintain the premises, and further assuming that the common driveway shared by these chalets was part of the premises which Allied Builders had a duty to inspect and maintain under the parties' agreement, the Court finds that there is no evidence that Allied Builders had actual or constructive notice that the condition existed prior to the accident. No one was apparently present at or near the job site on the day of the accident, other than the plaintiff. The only evidence before the Court indicates that Hal Wilson inspected the premises and the driveway the day before and found that they were clear of any siding or other debris at that time. There is no proof as to how long the dangerous condition existed or who (or what) may have caused

it. There is simply no evidence from which the Court can conclude that the defendant Allied Builders knew or should have known about the presence of the material on the driveway which the plaintiff claims caused him to fall. Absent any proof that Allied Builders created the condition or otherwise had notice or should have known of the condition, the plaintiff's claim for negligence must fail.

The plaintiff urges the Court to apply the doctrine of res ipsa loquitur to infer negligence on the part of Allied Builders. The plaintiff asserts that the premises was under the "exclusive control" of Allied Builders the week prior to the accident, as no other workers were present. The plaintiff contends that "no other reasonable explanation" exists for the presence of the siding on the driveway "other than the premises under [Allied Builders'] control." The defendant argues, on the other hand, that the doctrine of res ipsa loquitur is not applicable in this case because the material which allegedly caused his injury was not under the exclusive management and control of Allied Builders.

The doctrine of res ipsa loquitur "is a rule of evidence, not a rule of law." Morris v. Wal-Mart Stores, Inc., 330 F.3d 854, 858 (6th Cir. 2003). It "permits, but does not compel, a jury to infer negligence from the circumstances of an injury." Seavers v. Methodist Med. Ctr., 9 S.W.3d 86, 91 (Tenn. 1999). While res ipsa loquitur does not relieve the plaintiff of the burden of proof, it does allow negligence to be inferred "where the jury has a common knowledge or understanding that events which resulted in the plaintiff's injury do not ordinarily occur unless someone was negligent." Id. Negligence cannot, however, be presumed from injury alone; the plaintiff must show circumstances from which a reasonable jury might conclude that the injury was probably the

result of negligence and that it was probably the defendant who was the negligent actor. See Morris, 330 F.3d at 861; Burton v. Warren Farmers Coop., 129 S.W.3d 513, 524 (Tenn. Ct. App. 2002).

A plaintiff seeking to rely upon res ipsa loquitur must demonstrate: (1) how the injury occurred; (2) that the event causing the injury is one that does not ordinarily occur in the absence of negligence; and (3) the injury was caused by an instrumentality within the defendant's exclusive control. Burton, 129 S.W.3d at 524-25. However, as the Burton Court stated:

> The "exclusive control" element of the res ipsa loquitur doctrine, if read too literally, is overly restrictive. Res ipsa loquitur cannot be applied unless the circumstances surrounding the injury indicate that the causal negligence was probably the defendant's, not that of another person. Evidence that the plaintiff was injured by an instrumentality that was in the defendant's exclusive control at the time is sufficient for this purpose. However, proving a defendant's exclusive control of an instrumentality when an injury occurs is not the only way to demonstrate the defendant's responsibility for the injury. Tennessee's courts, like their counterparts in other states, have approved the application of res ipsa loquitur in cases involving foreign objects in sealed containers and exploding soft drink bottles where the defendant could not be said to have been in "exclusive control" of the injury-causing instrumentality when the injury occurred. These cases indicate that Tennessee's courts do not view "exclusive control" as indispensable to the application of the res ipsa loquitur doctrine. The Tennessee Supreme Court, quoting Restatement (Second) of Torts § 328 D, cmt. g with approval, points out:
>
>> Exclusive control is merely one fact which establishes the responsibility of the defendant; and if it can be established otherwise, exclusive control is not essential to a res ipsa loquitur case. The essential question becomes one of whether the probable cause is one which the defendant was under a duty to the plaintiff to anticipate or guard against.

Burton, 129 S.W.3d at 525 (citations omitted).

Having carefully reviewed the record and the applicable law, the Court concludes that the doctrine of res ipsa loquitur is not applicable in this case. The material which looked like siding material and allegedly caused the plaintiff's injury was not an instrumentality within the exclusive control of the defendant Allied Builders. Moreover, there is simply no evidence in the record before the Court that the cause of the plaintiff's injuries was probably the result of the defendant Allied Builders' actions and not that of another person's. As the Court already has noted, there is no evidence in the record that Allied Builders caused or created this condition, nor is there any evidence that Allied Builders knew or should have known about its existence. Accordingly, the plaintiff's claims against Allied Builders must be dismissed. To hold otherwise would essentially hold Allied Builders strictly liable for any potential hazard at or near the job site, regardless of who created it or when, or whether Allied Builders knew or should have known of the condition. The undersigned does not understand that to be the law.

## **Conclusion**

For the reasons set forth above, the Court finds that there are no genuine issues of material fact and that the defendant is entitled to a judgment as a matter of law. Accordingly, the defendant Allied Builders, Inc.'s Motion for Summary Judgment [Doc. 20] is **GRANTED**.

**ORDER TO FOLLOW.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge